UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT A. ESTES                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:12-CV-00182

ALLSTATE INSURANCE COMPANY                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

On March 6, 2012, plaintiff Robert A. Estes filed this action against defendant Allstate Insurance Company in Jefferson County, Kentucky, Circuit Court. On April 5, 2012, Allstate removed the action to this court based on this court's diversity jurisdiction. Estes then moved to remand the case to state court (DN 5). That motion is presently before the court.

In his complaint, Estes alleges that he had been an employee of Allstate who was eligible to receive short-term disability income benefits from the company. Estes alleges that, due to an illness, he was unable to work, but Allstate nonetheless refused to pay him. Estes further claims that the refusal to pay him his income benefits was "willful and without reasonable justification." He brings claims for breach of contract and violation of the Kentucky Wage and Hour Act, although he does not specify which section of the Wage and Hour Act Allstate allegedly violated. For both claims, Estes requests "compensatory, equitable, and exemplary relief," as well as attorney's fees and costs. Consistent with Kentucky law, Estes does not specify the exact amount of damages he seeks. KY. R. CIV. P. 8.01(2).

Federal courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

A civil case brought in state court may be removed by a defendant to federal court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). It is the burden of the defendant seeking to remove the case to prove the requirements for diversity jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). In cases, such as this one, where a plaintiff seeks an unspecified amount of damages, the defendant must prove that the amount in controversy "more likely than not" exceeds $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). A court must examine whether the amount in controversy requirement for diversity jurisdiction was met as of the time of removal. *Rogers*, 230 F.3d at 871-872. In determining the amount in controversy, a "statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met." *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975); *see Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

There is no dispute between the parties that they are citizens of different states. In that regard, the notice of removal filed by Allstate specifies that Estes is a citizen of Kentucky and Allstate is a Delaware corporation with its principal place of business in Northbrook Illinois. Thus, we turn to the amount in controversy requirement.

Allstate begins its argument that the amount in controversy exceeds $75,000 by stating that, under the short-term disability benefits policy in effect at the time Estes made his first claim for benefits, he would have been eligible for 19 weeks of benefits payable at his full weekly rate of pay, which was $1,779. Thus, the amount of compensatory damages in controversy for Estes's claims is $33,801. Estes does not take issue with that analysis.

Where the parties disagree is how much more than that $33,801, if any, is in controversy. Allstate asserts that liquidated damages are available under the Kentucky Wage and Hour Act in an amount equal to compensatory damages, which brings the total amount in controversy to $67,602. Allstate next notes that Estes seeks attorney's fees, and his attorney has filed affidavits in this court representing that he bills at an hourly rate of $350 in denial of benefits cases. In those cases, Allstate notes, Estes's attorney sought, and received, compensation in excess of $50,000. Allstate notes that, after adding in the liquidated damages to the amount in controversy, Estes's attorney would need to spend just 22 hours on this case at his rate of $350 per hour to generate fees that would put the amount in controversy over $75,000.

Estes disagrees that liquidated damages and attorney's fees are in controversy. He notes that under the Kentucky Wage and Hour Act, for liquidated damages and attorney's fees to be awarded, the plaintiff must meet the statutory definition of an "employee," which exempts various categories of persons, including those who were employed in "bona fide executive, administrative, supervisory, or professional capacities." *See* KRS §§ 337.010(2)(a), 337.385. Arguing that it is his own burden to prove that he meets the definition of "employee," Estes states that he did not allege that he qualified as an "employee," nor did he plead for relief under KRS § 337.385, the section of the Wage and Hour Act that allows a court to award liquidated damages and attorney's fees.

The court finds that Allstate has met its burden. While Estes is correct that he did not specifically plead for relief under KRS § 337.385, he did bring a claim for violation of the Kentucky Wage and Hour Act, of which that section is a part. Moreover, Estes did not in any way limit which sections of the Kentucky Wage and Hour Act he was claiming Allstate violated; instead, he asserted in his complaint that Allstate violated "Kentucky's employment laws and regulations," including

- 3 -

"KRS 337." Pursuant to the claim that Allstate violated the Wage and Hour Act, Estes sought "compensatory, equitable, and exemplary relief against Allstate," including "costs, interest, attorney's fees, and such other relief as is just and appropriate."

From those allegations, the court finds that it is more likely than not that the amount in controversy includes amounts for both liquidated damages and attorney's fees. First, Estes himself requested attorney's fees in the complaint, and the court is hard-pressed to see how Estes could now credibly claim that attorney's fees should not be included in the amount in controversy. Of course, if there was absolutely no legal authority for awarding attorney's fees for either of Estes's claims, the court might nevertheless have found that attorney's fees should not be included in the amount in controversy. But the Wage and Hour Act has a provision, KRS § 337.385, allowing the recovery of attorney's fees. That Estes requested attorney's fees and that there is statutory authority for providing those fees suffices to make it proper to consider those attorney's fees in determining the amount in controversy.

Moreover, given that the same provision that allows attorney's fees also allows liquidated damages, it only makes sense that liquidated damages are also part of the amount in controversy. Notably, Estes sought not just compensatory relief, but also "equitable and exemplary" relief for the Wage and Hour Act claim. Additionally, while KSR § 337.385 states that the court may decline to award liquidated damages if the employer violated the Wage and Hour Act in good faith and based upon reasonable grounds, Estes explicitly alleged that Allstate's refusal to pay Estes the benefits was "willful and without reasonable justification." Finally, the court notes that Estes has not put forward any affidavit stating that he was willing to limit his recovery to only compensatory damages. Because a fair reading of Estes's complaint readily allows for the conclusion that he seeks both

liquidated damages and attorney's fees under a statute that provides that both of those types of recovery are available, the court finds that they are includable for determining the amount in controversy.

Once the potential liquidated damages and attorney's fees are included in the amount in controversy, that amount more likely than not exceeds $75,000. As noted above, both parties agree that the amount of compensatory damages in controversy is $33,801. KRS § 337.385 authorizes liquidated damages in an amount equal to the amount of compensatory damages, bringing the total amount in controversy to $67,602. Finally, there is good reason to believe that the amount of attorney's fees in controversy in this matter will amount to over $7,398, thus pushing the total amount in controversy over $75,000. Indeed, as Allstate notes, at a rate of $350 per hour, it would take a mere 22 hours of work on this case by Estes's attorney for the fees to reach the level necessary for the amount in controversy to exceed $75,000. As a district court in the Eastern District of Kentucky noted, "For better or for worse, litigation can be an expensive proposition." *Ratliff v. First Tech. Capital, Inc.*, 2010 WL 4117168, at *2 (E.D.Ky. Oct. 18, 2010).

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Estes's motion to remand is **DENIED**.

October 29, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03

- 5 -